**SO ORDERED.**

**SIGNED this 05th day of February, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| HARDWOOD P-G, INC., CUSTOM FOREST PRODUCTS, LTD., AND CUSTOM FOREST PRODUCTS TRANSPORTATION, INC. | 06-50057-C |
| *DEBTORS* | CHAPTER 11 |
| RANDOLPH N. OSHEROW, TRUSTEE FOR THE HARDWOOD P-G, INC. LITIGATION TRUST | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5200-C |
| CLONCH INDUSTRIES | |
| *DEFENDANT* | |

**DECISION AND ORDER REGARDING JURY DEMAND AND CONSENT**

CAME ON for consideration the foregoing matter. The defendant makes jury demand and further declines to consent to trial before the bankruptcy judge appointed to this matter. The plaintiff responds that the defendant is correct regarding a right to trial by jury, but contends that the jury demand is not made in good faith. Both parties agree the matter is a core proceeding.

The court agrees with the parties that there is a right to a jury trial in this matter. So the Supreme Court has ruled in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), at least with regard to persons who have not otherwise submitted themselves to the equity jurisdiction of the bankruptcy court. *See Langenkamp v. Culp*, 498 U.S. 42 (1990) (noting that filing a proof of claim is one way that a party submits itself to the bankruptcy court's equity jurisdiction).

Congress has authorized bankruptcy courts to adjudicate matters involving trial by jury, but only with the consent of all the parties. A party can thus easily obtain a change of forum by the *fiat* of first demanding a jury then refusing to consent to the bankruptcy court's conduct of the trial. *See Blackwell v. Zollino (In re I.G.S., Ltd.)*, 267 B.R. 724, 727-28 (Bankr. W.D.Tex. 2001). A pleading filed for the primary purpose of forum shopping is potentially sanctionable. Then again, it might not be. *See McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983).[1] The court will leave to another day (and perhaps another forum) the question of sanctions – and then only if, as and when a party files a motion seeking such relief.

The court accordingly rules that the defendant is entitled to a jury trial under the Seventh Amendment, that the defendant has not conducted to this court's conduct of that trial, and that this is a core proceeding. The court further directs the bankruptcy clerk to issue a scheduling order in this case, in order to set in motion appropriate discovery and other deadlines. If a party fails to timely seek withdrawal of the reference (*i.e.*, within thirty days of the docket call), the jury demand will be deemed waived and the matter will be set for a bench trial before this court.

# # #

---

[1] Judge Rubin, writing for the court, said, "Forum-shopping is sanctioned by our judicial system. It is as American as the Constitution, peremptory challenges to jurors, and our dual system of state and federal courts." *Id.*